IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**COURTNEY RICARDO ROBINSON,**

      **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 3:18-cv-01248

**CINDY NULL,**

      **Defendant.**

### PROPOSED FINDS OF FACT AND RECOMMENDATIONS

On August 23, 2018, Plaintiff Courtney Ricardo Robinson ("Robinson"), proceeding *pro se*, and then incarcerated at the Denmar Correctional Center in Hillsboro, West Virginia, filed a complaint against the defendant under 42 U.S.C. § 1983. (ECF No. 2.). Currently pending are Robinson's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and an initial screening of the complaint under 28 U.S.C. § 1915. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed Robinson's allegations, the undersigned **FINDS** that the complaint fails to state a claim upon which relief may be granted. Therefore, the undersigned **GRANTS** Robinson's Application to Proceed *in forma pauperis*, (ECF No. 1), but **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint, **with prejudice,** and **REMOVE** this matter from the docket of the Court.

## I.    Relevant Facts

This is the second lawsuit Robinson has filed in this Court complaining about belongings of his that were allegedly lost by his former landlord. *See Robinson v. Null, et al.,* Case No. 3:17-cv-04126 (S.D.W. Va. Oct. 5, 2017). Robinson alleges that in 2016,[1] he was living with Lahoma Wentz in a Huntington, West Virginia apartment owned by Defendant Cindy Null. (ECF No. 2 at 4). On December 23, 2016, Robinson returned to the apartment to collect his belongings and found that the lock on the door had been changed, denying him access. Robinson called Defendant Null on January 4, 2017 and made arrangements to meet her at 4:30 p.m. at an agreed upon location. (*Id.* at 4-5). Defendant Null did not show up. (*Id.* at 5). Robinson called Null and she claimed that she had dropped off Robinson's belongings. She then hung up the telephone. (*Id.* at 5). Robinson filed a lawsuit, but the case was dismissed because Robinson "was taken to the wrong court room." (*Id.*). For relief, Robinson asks this Court to "hold Ms. Null responsible" for his lost belongings and pay him "the 5,000 dollars I ask for in my civil suit." (*Id.*).

## II.    Screening Standard

Pursuant to the provisions of 28 U.S.C. § 1915, a court must screen each case in which a prisoner seeks to proceed *in forma pauperis*. The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915. A "frivolous" case has been defined as one which is based

---

[1] In his current complaint, Robinson does not include the year that the incidents took place. However, it is clear when comparing the complaint in the instant action with the complaint filed in the 2017 action that Robinson is referring to the same series of events, which according to his first complaint, occurred in late 2016 and early 2017.

upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the Court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Robinson has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for her, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court.

*Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  Discussion

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) the official did so under color of State law. 42 U.S.C. § 1983; *see also Gomez v. Toledo,* 446 U.S. 635, 640 (1980). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

As explained in the Proposed Findings of Fact and Recommendations issued in Robinson's prior lawsuit, *see Robinson,* Case No. 3:17-cv-04126 at ECF No. 4, Robinson names Cindy Null as the sole defendant in this case, but includes no factual allegations demonstrating that she acted under color of state law. To the contrary, Robinson describes Null as his former landlord and as an independent business owner who lives in the Huntington area. (ECF No. 2 at 4). Robinson does not claim that Null acted on behalf of the State of West Virginia when she prevented him from obtaining his belongings, or that the State of West Virginia regulated her actions, or that she exercised powers that were "traditionally the exclusive prerogative of the state." *See Conner v. Donnelly,* 42 F.3d. 220, 224 (4th Cir. 1994). In the absence of facts establishing the existence of one of these situations, a § 1983 complaint against a private party—such as Null—must be dismissed as "[p]urely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983." *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *see also Burton v. Wilmington Parking Authority,* 365 U.S. 715, 721 (1961). Robinson includes no factual

allegations in the complaint to support a finding that Null acted under color of state law.

Moreover, Robinson includes no factual allegations that establish this Court's subject matter jurisdiction over his dispute with Null. Therefore, the undersigned respectfully **PROPOSES** that the presiding District Judge **FIND** that Robinson fails to state a claim against Defendant Null under 42 U.S.C. § 1983 and provides no jurisdictional basis upon which to proceed in this Court.

## IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2) be **DISMISSED, with prejudice,** and this civil action be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three additional days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** August 27, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge